IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

SHAWN LEE LOWTHER, GG-0640,  )
    Petitioner,  )
                                       )
          v.  )  Civil Action No. 08-606
                                       )
THE DISTRICT ATTORNEY OF THE  )
COUNTY OF FAYETTE, et al.,  )
    Respondents.  )

MEMORANDUM AND ORDER

MITCHELL, M.J.:

Shawn Lee Lowther, an inmate at the State Correctional Institution at Dallas has presented a petition for a writ of habeas corpus which he has been granted leave to prosecute in forma pauperis. For the reasons set forth below, the petition will be dismissed and because no reasonable jurists could conclude that there is a basis for appeal, a certificate of appealability will be denied.

Lowther is presently serving a twelve to forty year sentence imposed follow his conviction, upon a plea of guilty, to a charge of third degree murder at No. CP-26-CR-1406-2004 in the Court of Common Pleas of Fayette County, Pennsylvania. This sentence was imposed on June 23, 2005.[1] No direct appeal was pursued, although the petitioner's Motion for Modification of Sentence was denied on July 6, 2005.[2]

---

[1] See: Petition at ¶¶ 1-4.

[2] See: Petition at ¶ 9.

1

On October 24, 2005, the petitioner filed a pro se post-conviction petition. Following a hearing, on June 5, 2006, the petition was denied.[3]

An appeal was taken to the Superior Court in which the issues presented were:

I. Whether the PCRA Court erred in denying Appellant's claims of ineffective assistance of counsel?

> A. Whether counsel was ineffective for failing to file a direct appeal or preserve Appellant's appeal rights to the Pennsylvania Superior Court denying the Appellant his absolute right to directly appeal his sentence as requested by the Appellant for the purposes of challenging the propriety of his sentence and the denial of a motion to continue to retain private counsel?
>
> B. Whether counsel was ineffective for failing to request that the lower court permit the Appellant to withdraw his guilty plea prior to sentencing as requested by the Appellant?
>
> C. Whether counsel was ineffective for failing to properly and effectively communicate with Appellant so that he understood the elements of the different degrees of homicide and what the Commonwealth had to prove in order for him to be found guilty and/or properly investigate his case to prepare a defense on his behalf?[4]

On February 27, 2007, the denial of post-conviction relief was affirmed.[5] On October 5, 2007, leave to appeal was denied by the Pennsylvania Supreme Court. Commonwealth v. Lowther, 934 A.2d 73 (Pa. Supreme. 2007).

The petitioner now comes before this Court and contends he is entitled to relief on the following grounds:

---

[3] See: Memorandum of the Superior Court filed on February 27, 2007 which is Exhibit 7 to the answer.

[4] Id.

[5] Id.

2

1. Whether the state court's reasoning and judgment was contrary to and/or involved an unreasonable application of clearly established federal law and holdings and United States Supreme Court precedent on whether counsel was not ineffective for failing to file a direct appeal or preserve petitioner's appeal rights to the Pennsylvania Superior Court denying petitioner his absolute right to directly appeal his sentence as requested by petitioner for the purposes of challenging the propriety of his sentence and the denial of a motion to continue to retain private counsel?

2. Whether the state court's reasoning and judgment was contrary to and/or involved an unreasonable application of clearly established federal law and United States Supreme Court precedent on whether counsel was not ineffective for failing to request that the lower court permit petitioner to withdraw his guilty plea prior to sentencing as requested by the petitioner?

3. Whether counsel was ineffective for failing to properly and effectively communicate with petitioner so that he understood the elements of the different degrees of homicide and what the Commonwealth had to prove in order for him to be found guilty and/or properly investigate his case to prepare a defense on his behalf as well as the Court of Common Pleas failure to explain the predicate elements of the offense where such failure cannot truly be said to be a knowing, voluntary and intelligent entry of a guilty plea in violation of petitioner's right to effective assistance of counsel and due process of law?[6]

That is, it would appear that the petitioner is alleging that he is entitled to relief here on grounds of ineffective assistance of counsel in that counsel failed to file an appeal or preserve the petitioner's appeal rights; that counsel was ineffective for failing to move to withdraw the petitioner's guilty plea and that the petitioner's guilty plea was not knowingly entered with the effective assistance of counsel.

It is provided in 28 U.S.C. §2254(b) that:

An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the

---

[6] See: Docket entry 1-3.

prisoner.

This statute represents a codification of the well-established concept which requires that before a federal court will review any allegations raised by a state prisoner, those allegations must first be presented to that state's highest court for consideration. Preiser v. Rodriguez, 411 U.S. 475 (1973); Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484 (1973); Doctor v. Walters, 96 F.3d 675 (3d Cir. 1996).

It is only when a petitioner has demonstrated that the available corrective process would be ineffective or futile that the exhaustion requirement will not be imposed. Preiser v. Rodriguez, supra.; Walker v. Vaughn, 53 F.3d 609 (3d Cir. 1995).

If it appears that there are available state court remedies, the court must determine whether a procedural default has occurred. If a procedural default has occurred, the court must determine whether cause or prejudice exists for the default, or whether a fundamental miscarriage of justice would result from a failure to consider the claims. Carter v. Vaughn, 62 F.3d 591 (3d Cir. 1995).

In construing § 2254(d)(1), the Court in Williams v. Taylor, 529 U.S. 362, 412-413 (2000) stated:

> Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied - the state-court adjudication resulted in a decision that (1) "was contrary to ... clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of ... clearly established Federal law, as determined by the Supreme Court of the United States." Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

In <u>Hameen v. Delaware</u>, 212 F.3d 226, 235 (3d Cir. 2000), the Court determined:

> The Court in <u>Williams v. Taylor</u> held that "[u]nder the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts." <u>Williams v. Taylor</u>, further held that "[u]nder the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." The "unreasonable application" inquiry requires the habeas court to "ask whether the state court's application of clearly established federal law was objectively unreasonable." Thus, under the "unreasonable application" clause, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." The Court in <u>Williams v. Taylor</u> made it clear that the "contrary to" and "unreasonable application" clauses have independent meaning.

In the instant case, it would appear that the substance of the matters which the petitioner seeks to raise here have been raised in the appellate courts of the Commonwealth, and are now properly before this Court for consideration.

In <u>Strickland v. Washington</u>, 466 U.S. 668 (1984), the Supreme Court explained that there are two components to demonstrating a violation of the right to effective assistance of counsel. First, the petitioner must show that counsel's performance was deficient. This requires showing that "counsel's representation fell below an objective standard of reasonableness." <u>Id</u>. at 688; <u>see</u> <u>also</u> <u>Williams v. Taylor</u>, 529 U.S. 362, 390-91 (2000). Second, under <u>Strickland</u>, the defendant must show that he was prejudiced by the deficient performance. "This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." <u>Strickland</u>, 466 U.S. at 687, 104 S.Ct. 2052. To establish prejudice, the defendant "must show that there is a reasonable probability that, but for counsel's unprofessional

errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694. The Strickland test is conjunctive and a habeas petitioner must establish both the deficiency in performance prong and the prejudice prong. See Strickland, 466 U.S. at 687; Dooley v. Petsock, 816 F.2d 885, 889 (3d Cir. 1987), cert. denied, 484 U.S. 863 (1987). As a result, if a petitioner fails on either prong, he loses. Holladay v. Haley, 209 F.3d 1243, 1248 (11th 2000) ("Because both parts of the test must be satisfied in order to show a violation of the Sixth Amendment, the court need not address the performance prong if the defendant cannot meet the prejudice prong, or vice versa.")(citation omitted); Foster v. Ward, 182 F.3d 1177, 1184 (10th Cir. 1999) ("This court may address the performance and prejudice components in any order, but need not address both if Mr. Foster fails to make a sufficient showing of one.")

The record reveals that on May 2, 2005, the petitioner appeared with counsel and testified that he had reviewed the guilty plea forms employed by the court with his attorney; that he understood his rights and was voluntarily waiving them; that no threats or coercion had been employed to induce his plea; that he was aware of the maximum sentence that could be imposed; that he agreed with the district attorney's recitation of the factual background to the charges and admitted having performed the shooting and killing of the victim; that he was pleading guilty because he was in fact guilty and that he was satisfied with the representation provided by counsel.[7]

In reviewing a challenge to a guilty plea, a habeas petitioner must demonstrate that his/her

---

[7] See: Exhibit 6 to the answer of the Commonwealth which is the transcript of the guilty plea hearing..

plea was not voluntarily entered with the effective assistance of counsel. Meyers v, Gillis, 93 F.3d 1147 (3d Cir.1998). Thus, on the face of the record, no such showing is made.

However, at the post-conviction hearing, the petitioner testified that although he knew the maximum sentence which could be imposed was forty years he believed his sentence would be sixty-six to eighty-four months based on the sentencing guidelines (PCRA 12-15, 35, 38)[8]; that at his request his public defender sought modification of the sentence imposed (PCRA 29-30); that no promises were made to him as to the sentence which would be imposed (PCRA 39, 42) and that he never requested that his counsel file an appeal (PCRA 20).

The petitioner's counselor at the jail testified that he asked her to notify the public defender that he desired to file an appeal and that she did so on two occasions (PCRA 51-52).

The assistant public defender who appeared at sentencing testified that she believed the guideline range was seventy-two to two-hundred-forty months (PCRA 56) and that the petitioner never requested that she seek modification of his sentence or file an appeal (PCRA 58,61).

Finally, the petitioner's trial counsel testified that he represented the petitioner at the suppression and plea hearings (PCRA 67); that he had reviewed the crime elements with the petitioner (PCRA 69); that he had repeatedly informed the petitioner that the statutory maximum sentence was forty years and that the sentencing guidelines were merely discretionary with the court (PCRA 69-71); that he never made any promises to the petitioner regarding what sentence would be imposed (PCRA 71); that at the petitioner's request he did file a motion for modification of sentence (PCRA 72,74) and that the petitioner never requested that he file an

---

[8] All references marked "PCRA" refer to the transcript of the post-conviction hearing held on May 2, 2005 and filed here as Exhibit 8 to the answer.

7

appeal (PCRA 73,74).

> Based on the testimony at the evidentiary hearing on the petition, the PCRA court found that Lowther was not credible and that plea counsel, sentencing counsel, and the Investigator for the Public Defender's Office were credible witnesses... Further, the PCRA court found that Lowther never requested his plea counsel or his sentencing counsel to file a petition to withdraw his guilty plea or to file an appeal from the judgment of sentence (including the denial of his post-sentence [motion for modification of sentence] motion)... The PCRA court also found that Lowther did not have a conversation with Mr. Judy [the public defender's investigator] regarding withdrawal of the guilty plea... Additionally, the PCRA court also found that Lowther did not mention at the oral guilty plea colloquy or the sentence proceedings that he wished to withdraw his guilty plea...
>
> This Court finds that the PCRA court's credibility determinations are supported by the record. Lowther, failed, therefore, to establish his claim of ineffective assistance of counsel.[9]

A presumption of correctness attaches to state court factual findings. 28 U.S.C. 2254 (e)(1); Roland v. Vaughn, 445 F.3d 671 (3d Cir.2006). In the instant case, there is nothing in the record which provides any basis for challenging these findings and thus we too find that counsel's performance was not defective and conclude that the petitioner never sought to withdraw his guilty plea; never requested that an appeal be filed on his behalf and was informed by counsel of the elements of the offense to which he entered a plea. Based on these findings, it cannot be concluded that counsel was Constitutionally defective.

Additionally, the petitioner contends that his guilty plea was not voluntarily entered with the assistance of counsel. This allegation too is clearly rebutted by the record here and does not provide a basis for relief.

Thus, because the petitioner has failed to make the requisite showing here, the allegations contained in his petition are meritless. For this reason, the petition of Shawn Lee Lowther for a

---

[9] See: Memorandum of the Superior Court, Exhibit 7 to the answer at p.9.

writ of habeas corpus will be dismissed and because reasonable jurists could not conclude that a basis for appeal exists, a certificate of appealability will be denied.

    An appropriate Order will be entered.

                                                        s/ Robert C. Mitchell,
                                                        United States Magistrate Judge

ORDER

AND NOW, this 12th day of August, 2008, for the reasons set forth in the foregoing memorandum,

IT IS ORDERED that the petition of Shawn Lee Lowther for a writ of habeas corpus is dismissed,

AND IT IS FURTHER ORDERED that because no reasonable jurists could conclude that there is a basis for appeal, a certificate of appealability is denied.

s/ Robert C. Mitchell,
United States Magistrate Judge